UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dell L. Carter, # 226198,<br>*Dell Layfette Carter,*<br><br>       Plaintiff,<br><br>v.<br><br>Magistrate Judge Edward Harvey; Rayford Ervin; Frank Sadler; Solicitor Willy Thompson; Judge Costa Pheicone; Judge Derham Cole; Harry Dest; Director Doug Catoe; Jon Ozmint; Warden Willy Eagleton; Warden E. Richard Bazzle; Warden Rickie Harrison; Warden McCleadon; Leonder Bivens; Gene Ervin, Administrator; Gwen Baxley; Doctor Stuver; Doctor Gaster; Doctor Corey Crain; Sadie C. Hudson; Doctor David O. Brady; Thomas Caldwell; Jeffrey Anderson; Jim Lyon; John Workman, Jr.; Teddy Melton; William Sherer; Danny Stack; B.T. McNeely; Sally Elliott; Terry Millar; David Tartarsky; Jean Hoefer Toal; Daniel Shearouse; Kenneth A. Richstad; Joseph McCrorey; Terry Wooten,<br><br>       Defendants. | C/A No.: 0:08-00049-RBH-BM<br><br><br><br><br><br><br><br>Report and Recommendation |

Plaintiff has filed this matter pursuant to 42 U.S.C. § 1983 against multiple defendants. Plaintiff alleges, *inter alia*, a denial of access to the courts, raises issues pertaining to a prior arrest, maintains there is a Section 1985 conspiracy to violate his "rights", states he was falsely arrested and maliciously prosecuted, alleges he was unlawfully tried and convicted, and claims that his due process and equal protection rights have been violated. Plaintiff also raises challenges to prison disciplinary hearings and "write ups" he's received, claims he's been denied earned work credits and "good time", that his classification status is not correct, that he has been blocked from attending religious services, has been sexually harassed by a female guard, has been discriminated against by South Carolina Department of Corrections (SCDC) staff because he is black, and has been forced to give samples of his DNA.

1



Plaintiff claims that his living conditions in solitary confinement are "inhumane". For example, plaintiff states that the toilet facilities are unsanitary and that he was denied toilet paper. Plaintiff alleges he was forced to go on a hunger strike, missing 7 meals, before he received any toilet paper. Plaintiff also maintains he has been targeted to be punished by SCDC, and there are allegations in the complaint pertaining to medical negligence and deliberate indifference to the plaintiff's serious medical needs pertaining to some surgery the plaintiff has on his right thigh. Plaintiff also claims that excessive force was used against him by some York County Detention Center employees. He seeks monetary damages.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to 28 U.S.C. § 1915 (as amended); "new" 28 U.S.C. § 1915A and other provisions in the Prison Litigation Reform Act, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir., September 15, 1995)(*en banc*), *cert. denied*, 64 U.S.L.W. 3623, 134 L.Ed.2d 219, 116 S.Ct. 1273 (U.S., March 18, 1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even considered under this less stringent standard, the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Department of Social*

2



*Services*, 901 F.2d 387, (4th Cir. 1990).

Specifically, it is not necessary for the Court to reach the issues presented in the above-captioned matter as it is clear that this action is subject to dismissal pursuant to 28 U.S.C. § 1915(g) [the Prison Litigation Reform Act].[1]  *See* Civil Action No. 3:98-3761; Civil Action No. 3:99-1484; Civil Action No. 3:99-1800; Civil Action No. 3:99-1813; Civil Action No. 3:00-0423; Civil Action No. 3:00-0525; Civil Action No. 3:00-1823; Civil Action No. 3:02-1682; Civil Action 3:02-2014; Civil Action No. 3:03-0011; and Civil Action No. 3:04-0772.  As Plaintiff is "struck out" under § 1915(g), and the undersigned does not find that the Plaintiff's claims herein fall within the "physical injury" exception to the "Three Strikes" Rule, Plaintiff's case is subject to dismissal under that Rule. 28 U.S.C. § 1915(g); *Green v. Nottingham*, 90 F.3d 415, 417-420 (10th Cir. 1996) [three strikes provision of 28 U.S.C. § 1915(g) can be applied retroactively]; *cf. In re Sargent*, No. 96-7113, 136 F.3d 349, (4th Cir. February 13, 1998).

**Recommendation**

Accordingly, it is recommended that the Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.  *See Denton v. Hernandez*, *supra*; *Neitzke v. Williams*, *supra*; *Haines v. Kerner*, *supra*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Boyce v. Alizaduh*, *supra*; *Todd v. Baskerville*, *supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A[as

---

[1]28 U.S.C. § 1915(g) provides:
> (g) in no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

3



soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].

Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina
March 6, 2008

*The plaintiff's attention is directed to the important notice on the next page.*

4



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

5

